Nathan J. Baker, OSB #001980
nathan@gorgefriends.org
Steven D. McCoy, OSB #074643
steve@gorgefriends.org
Friends of the Columbia Gorge
333 SW 5th Ave, Ste. 300
Portland, OR 97204
(503) 241-3762

*Attorneys for Plaintiff*

Gary K. Kahn, OSB #814810
gkahn@rke-law.com
REEVES, KAHN, HENNESSY &
ELKINS
P.O. Box 86100
Portland, Oregon 97286
Telephone: (503) 777-5473
Fax: (503) 777-8566

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FRIENDS OF THE COLUMBIA GORGE, INC., | Case Number: _____ |
| Plaintiff, | |
| vs. | |
| UNITED STATES FOREST SERVICE, | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| Defendant. | (Columbia River Gorge National Scenic Area Act) |

## I. PRELIMINARY STATEMENT

1.

This is an action for declaratory judgment and injunctive relief. Plaintiff challenges a final agency action of Defendant United States Forest Service ("Forest

Page 1 - COMPLAINT (Declaratory and Injunctive Relief)

Service") determining that proposed forest practices (*i.e.*, logging) in the Burdoin Mountain Special Management Area ("SMA") of the Columbia River Gorge National Scenic Area ("National Scenic Area") are consistent with the Columbia River Gorge National Scenic Area Act ("National Scenic Area Act" or "Act"), 16 U.S.C. §§ 544–544p, and the Management Plan for the Columbia River Gorge National Scenic Area ("Management Plan" or "Plan"). This suit arises under and alleges violations of the National Scenic Area Act and the Management Plan, and is subject to judicial review pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.*

2.

Plaintiff alleges that Defendant's decision violates the National Scenic Area Act and Management Plan by deeming the proposed logging activities to be consistent with the Act and Plan, and by not considering whether its decision will protect and enhance the natural resources of the National Scenic Area.

3.

Plaintiff seeks declaratory and injunctive relief.

4.

Plaintiff also seeks an award of costs and attorney fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

/ / /

## II.  JURISDICTION AND VENUE

5.

Jurisdiction over this action is proper pursuant to 16 U.S.C. § 544m(b)(5)(C), and 28 U.S.C. §§ 1331, 2201, and 2202. Judicial review is provided for by 5 U.S.C. §§ 551 *et seq.*, and 16 U.S.C. §§ 544m(b)(4) and 544m(b)(5)(C). There is a present and actual controversy between the parties.

6.

Venue is properly vested in this court pursuant to 28 U.S.C. § 1391(e).

## III.  PARTIES

7.

Plaintiff Friends of the Columbia Gorge, Inc. ("Friends") is an Oregon nonprofit corporation with approximately 6,000 members. Friends' mission is to vigorously protect the scenic, natural, cultural, and recreation resources of the Columbia River Gorge National Scenic Area. Friends' members use the National Scenic Area for hiking, wildlife and wildflower viewing, photography, camping, birdwatching, and other pursuits.

8.

If Defendant's decision is allowed to stand, the likely adverse effects to natural resources, including sensitive wildlife species, resulting from Defendant's decision will adversely affect Plaintiff's members' use and enjoyment of the

natural resources of the National Scenic Area.

9.

The Columbia River Gorge National Scenic Area office of Defendant Forest Service, with its headquarters in Hood River, Oregon, is responsible for the U.S. Secretary of Agriculture's role in implementing the National Scenic Area Act.

IV.  LEGAL BACKGROUND

10.

Lands in the National Scenic Area designated as Special Management Area Open Space ("SMA Open Space") contain the Columbia River Gorge's most sensitive and unique resources. Accordingly, SMA Open Space is the most restrictive of all the National Scenic Area's land use designations, both in terms of which types of land use and development activities are allowed, as well as the circumstances and conditions under which such uses and activities may be allowed.

11.

Pursuant to the Act and Management Plan, commercial forest practices are prohibited on lands designated SMA Open Space.

12.

Pursuant to the Act and Management Plan, the Forest Service must protect and enhance the natural resources of the Columbia River Gorge within the Special

Management Areas of the National Scenic Area.

13.

In order to protect sensitive wildlife resources in the National Scenic Area from the adverse effects of new land use and development activities, the Management Plan imposes a number of procedural and substantive requirements that the Forest Service must satisfy during its consistency review process. These include requirements for the Forest Service to ensure that its review process includes field surveys for certain wildlife species within the project area; to identify or verify the precise location of any sensitive wildlife areas and sites (including any nesting, roosting or perching sites); to determine whether any sensitive wildlife areas or sites in the project area are currently active; to determine, based on the biology and habitat requirements of the potentially affected wildlife species, whether the proposed use would compromise the integrity and function of or result in adverse effects (including cumulative effects) to any wildlife areas or sites; to delineate appropriate buffers on the site plan for any sensitive wildlife areas or sites; and to ensure that these and other steps all occur before the Forest Service may terminate its review of a proposed project for the protection of natural resources and/or deem the project consistent with the Act and Management Plan.

/ / /

## V. FACTS

14.

On December 16, 2020, the Forest Service's Area Manager for the National Scenic Area issued an agency decision entitled in pertinent part "CRGNSA Consistency Determination, Synergy Forest Practice, CD-20-02-S" (hereinafter "Consistency Determination"). The Consistency Determination reviews certain logging activities proposed on lands designated Open Space within the Burdoin Mountain Special Management Area of the National Scenic Area. According to the Consistency Determination, the landowner of the subject parcels is Synergy Resources LLC ("Synergy") and the applicant for the proposed logging is Green Light Renewable Resources, Ltd. ("Green Light"). The entire project area covered by the Consistency Determination is designated SMA Open Space.

15.

The logging activities proposed by Green Light on lands owned by Synergy are commercial forest practices. They include cutting down trees to produce one million board feet of lumber in two units over 65 acres. The slopes in the project area are steep, unstable, and highly erodible, and logging the unstable slopes poses a risk to water resources. The steepness of the slopes requires "cable yarding" to remove the trees from the harvest area. This is a system composed of a cable suspended from spars and towers that drags the harvested trees across the ground

or carries them through the air suspended from the cable.

16.

In its Consistency Determination, Defendant concluded that the logging activities proposed by Green Light on lands owned by Synergy are allowed in the SMA Open Space designation and are consistent with the National Scenic Area Act and Management Plan. The Consistency Determination contains findings of fact, conclusions of law, and conditions of approval for the proposed logging activities.

17.

The Consistency Determination contains numerous erroneous and internally inconsistent findings of fact and conclusions of law. For example, the Consistency Determination admits that "[t]he project area contains potential habitat for western gray squirrels and northern spotted owls," that "[t]he project is within suitable northern spotted owl nesting habitat," and that the Washington Department of Fish and Wildlife "determined that surveys for western grey squirrels are required." In addition, the Consistency Determination admits that the Forest Service's review of Green Light's application was subject to Management Plan guidelines requiring the Forest Service to "[i]dentify/verify the precise location of the wildlife and/or plant area or site," to "[d]etermine if a field survey will be required," to "[d]etermine, based on the biology and habitat requirements of the affected

wildlife/plant species, if the proposed use would compromise the integrity and function of or result in adverse effects (including cumulative effects) to the wildlife or plant area or site," and to "[d]elineate . . . on the site plan . . . the appropriate buffer for sensitive wildlife areas or sites, including nesting, roosting, and perching sites." Despite these admissions, the Consistency Determination goes on to effectively ignore or waive these guidelines by merely concluding that "[t]here are no known . . . sensitive wildlife sites in the project area or within 1000 feet of the project . . . and therefore no requirement to delineate . . . buffers" on the site plan.

18.

Defendant terminated its review of the potential adverse effects to natural resources of the proposed logging activities and issued the Consistency Determination without considering the important fact that Defendant's review process did not include field surveys within the project area for sensitive wildlife species, as required by the Act and Management Plan.

VI.  CLAIM FOR RELIEF

(Columbia River Gorge National Scenic Area Act)

19.

Plaintiff incorporates and alleges herein the allegations of paragraphs 1–18.

/ / /

/ / /

## COUNT ONE

20.

The Consistency Determination violates the National Scenic Area Act's and Management Plan's prohibitions against commercial forest practices on SMA Open Space lands by not considering important aspects of the proposal before the agency, including whether the logging activities proposed by Green Light on SMA Open Space lands *are* commercial forest practices, and by erroneously concluding that the logging activities are consistent with and allowed by the Act and Plan.

21.

The Consistency Determination is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; was issued without observance of procedure required by law; is final agency action judicially reviewable by this Court pursuant to 5 U.S.C. §§ 704 and 706(2), and 16 U.S.C. § 544m(b)(4) and 544m(b)(5)(C); and must be held unlawful and set aside for the reasons identified above.

## COUNT TWO

22.

The Consistency Determination violates the National Scenic Area Act and the Management Plan because the decision was made without consideration of the Act's and Plan's requirements to protect natural resources from adverse effects,

including the Plan's requirements to ensure that Defendant's review process included field surveys within the project area for sensitive wildlife species; to identify or verify the precise location(s) within the project area of any sensitive wildlife areas and sites (including any nesting, roosting or perching sites); to determine whether any sensitive wildlife areas or sites in the project area are currently active; to determine, based on the biology and habitat requirements of the potentially affected wildlife species, whether the proposed use would compromise the integrity and function of or result in adverse effects (including cumulative effects) to any wildlife areas or sites; to delineate appropriate buffers on the site plan for any sensitive wildlife areas or sites; and to ensure that these and other steps all occur before Defendant may terminate its review of the proposed project for the protection of natural resources and/or deem the project consistent with the Act and Management Plan.

23.

The Consistency Determination is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; was issued without observance of procedure required by law; is final agency action judicially reviewable by this Court pursuant to 5 U.S.C. §§ 704 and 706(2), and 16 U.S.C. § 544m(b)(4) and 544m(b)(5)(C); and must be held unlawful and set aside for the reasons identified above.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

1. Declare that Defendant has violated the National Scenic Area Act and the Management Plan promulgated pursuant to the Act;

2. Hold unlawful and set aside the Consistency Determination pursuant to the APA, 5 U.S.C. § 706(2);

3. Enter an injunction prohibiting the proposed logging until such time as Defendant's actions are in compliance with the National Scenic Area Act, the Management Plan, and the APA;

4. Award Plaintiff its reasonable costs, fees, and other expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and

5. Grant Plaintiff any additional relief the Court deems just and proper.

DATED this 12th day of February, 2021.

<div style="margin-left: 3em;">

Respectfully submitted,

FRIENDS OF THE COLUMBIA GORGE, INC.
/s/ *Nathan J. Baker*
Nathan J. Baker
/s/ *Steven D. McCoy*
Steven D. McCoy
*Attorneys for Plaintiff*

REEVES, KAHN, HENNESSY & ELKINS
/s/ *Gary K. Kahn*
Gary K. Kahn
Of Counsel
*Attorneys for Plaintiff*

</div>